3006393
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

13 FEB 11 PM 1:27

ROBERT N. TRGOVICH
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

AMY BEALOR, )
)
      Plaintiff, )
)
v. )  3:13CV 085
)
FIRSTSOURCE ADVANTAGE, LLC )
f/k/a FIRSTSOURCE FINANCIAL )
SOLUTIONS, )
)
      Defendant. )

## COMPLAINT

NOW COMES the Plaintiff, AMY BEALOR, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, FIRSTSOURCE ADVANTAGE, LLC f/k/a FIRSTSOURCE FINANCIAL SOLUTIONS, Plaintiff states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq and the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Jurisdiction arises under the TCPA pursuant to pursuant to 28 U.S.C. §1331.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

5. AMY BEALOR, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of La Porte, County of La Porte, State of Indiana.

6. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to HSBC (hereinafter, "the Debt").

7. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. FIRSTSOURCE ADVANTAGE, LLC f/k/a FIRSTSOURCE FINANCIAL SOLUTIONS, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Indiana. Defendant is registered as a limited liability company in the State of New York.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.     ALLEGATIONS

### COUNT I:
### VIOLATION OF THE FDCPA

15.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

16.     From one (1) prior to year of the commencement of this action, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff in an attempt to collect the Debt.

17.     During the course of the aforesaid time period, Defendant initiated the aforesaid telephone calls to Plaintiff's cellular telephone number.

18.     At the time Defendant initiated the aforesaid telephone calls to Plaintiff, Defendant left multiple prerecorded voicemail messages for Plaintiff.

19.     At no time during the course of the voicemail message left by Defendant for Plaintiff, did Defendant's duly authorized representative who left the aforesaid voicemail messages provide Plaintiff with information relative to the representatives' individual identity.

20.     During the course of the aforesaid time period, Plaintiff heard multiple voicemail messages left for her by Defendant in an attempt to collect the Debt.

21.     In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6); and,

  b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

22. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, AMY BEALOR, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff, AMY BEALOR, and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II:
## VIOLATION OF THE TCPA

23. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

24. From one (1) prior to year of the commencement of this action, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff's cellular telephone number in an attempt to collect the Debt.

25. Defendant made and/or placed telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

26. Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number, in an effort to

collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant

27. Defendant knew or reasonably should have known Plaintiff would find Defendant's conduct, in initiating multiple telephone calls to Plaintiff's cellular telephone, to be harassing.

28. Defendant knew or reasonably should have known Plaintiff would find Defendant's conduct, in initiating multiple telephone calls to Plaintiff's cellular telephone, to be abusive.

29. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff, AMY BEALOR, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff, AMY BEALOR, and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Statutory damages of $1500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C); and,

    d. Any other relief deemed appropriate by this Honorable Court.

### V. JURY DEMAND

30. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**AMY BEALOR**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: February 8, 2013

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:  dmarco@smithmarco.com